UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LION PETROLEUM OF MISSOURI, INC., | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 4:06CV00698 AGF |
| | ) |
| MILLENNIUM SUPER STOP, LLC, | ) |
| CONSOLIDATED ENERGY CO., LLC, | ) |
| RAY PERRIN, and SYLVESTER HOLMES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court[1] on the motion of Consolidated Energy Co., LLC ("Consolidated") to add a necessary party, under Federal Rule of Civil Procedure 19. For the reasons set forth below, the motion shall be granted.

# BACKGROUND

Plaintiff Lion Petroleum of Missouri, Inc., a motor fuel supplier, alleges that it possesses a sublicense from ConocoPhillips Co. ("ConocoPhillips") to market and use the registered famous trademarks "CONOCO" and "PHILLIPS 66." Defendant Millennium Super Stop, LLC ("Millennium"), which owned and operated two service stations, entered into a ten-year contract with Plaintiff pursuant to which Plaintiff agreed to supply Millennium with trademark-branded fuel products, which Millennium agreed to sell using the "CONOCO" and "PHILLIPS 66" trademarks. Plaintiff alleges that eight months into

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

the contract, Millennium breached the contract by defaulting on payments for fuel that was supplied. Plaintiff further alleges that thereafter, Defendant Consolidated, also a fuel supplier, sold Millennium unbranded fuel products and in doing so, knowingly induced and caused Millennium to sell the unbranded fuel under the above trademarks. Plaintiff asserts, and Consolidated admits, that on April 18, 2006, Plaintiff informed Consolidated of Plaintiff's contract with Millennium and demanded that Consolidated end its relationship with Millennium, which Consolidated did not do, but rather continued to sell unbranded fuel to Millennium. Plaintiff alleges that Consolidated sold this fuel at a lower price than agreed to under the contract between Plaintiff and Millennium.

Plaintiff asserts claims of federal and state trademark infringement (Counts I and II) and unfair competition (Counts III and IV) against Millennium and Consolidated. Plaintiff also asserts state common-law claims of breach of contract, "detrimental reliance," and breach of the duty of fair dealing against Millennium and two individual guarantors of Millennium's obligations under the contract with Plaintiff (Counts V, VI, and VII); claims of unjust enrichment and civil conspiracy against all Defendants (Counts IX and X); and a claim of tortious interference with a business relationship against Consolidated (Count VIII).

In its answer, Consolidated asserts several affirmative defenses, including that the two trademark infringement counts (Counts I and III) are barred because Plaintiff is not an exclusive licensee of the marks, lacks standing to assert an infringement claim, and failed to join a necessary party. In its amended counterclaim against Plaintiff, Consolidated asserts that it (Consolidated) is an "authorized dealer of branded

2

ConocoPhillips fuel products, subject to all reasonable rules and requirements of ConocoPhillips, including protection of ConocoPhillips's valuable trademark rights." Consolidated further asserts that its conduct of supplying unbranded fuel to Millennium after Millennium's contract dispute with Lion was in no way improper, and that Plaintiff has knowingly brought this baseless suit against Consolidated for the improper purpose of placing Consolidated's status as an authorized distributor of ConocoPhillips branded products in jeopardy, and of attempting to force Consolidated not to engage in lawful business with Millennium. Without labeling its cause of action against Plaintiff or specifying the damages it has allegedly suffered, other than incurring attorney's fees in the present action, Consolidated seeks an award of actual and punitive damages, as well as attorney's fees.[2]

In the present motion, Consolidated asserts that ConocoPhillips is a necessary party in this action with respect to the infringement claims involving ConocoPhillips trademarks. Consolidated argues that ConocoPhillips' absence precludes according complete relief among those who are already parties, and leaves Consolidated subject to a substantial risk of incurring double or otherwise inconsistent obligations. Consolidated asks the Court to order that ConocoPhillips be added as a plaintiff. Plaintiff responds that

---

[2] The amended counterclaim was filed in response to this Court's Order for consolidated to set forth with specificity its claims against Plaintiff. The Court notes that in its original counterclaim, Consolidated asserted that as a result of Plaintiff's allegations, Consolidated had incurred attorney's fees in defending its compliance with its contract with ConocoPhillips.

3

it does not see why ConocoPhillips is a necessary party, but that it does not oppose Consolidated's motion.

## DISCUSSION

Rule 19(a) lists the criteria for determining whether an absent person should be joined as a party to a lawsuit, as follows:

> **Rule 19. Joinder of Persons Needed for Just Adjudication**
>
> **(a) Persons to be Joined if Feasible**. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Although the current version of the Rule does not use the term "necessary," that term is often used as a synonym for "needed for just adjudication." 4 James Wm. Moore et al., Moore's Federal Practice § 19.02[2][c] (3d. ed. 2006). Where an absentee is found to be a necessary party, the court will override the plaintiff's preference by forcing joinder of that absentee, unless joinder would defeat jurisdiction. St. James v. New Prague Area Cmty. Ctr., 2006 WL 2069197, at *2 (D. Minn. July 26, 2006). If the Court finds that an absent party is necessary but that joinder is not "feasible" in that it would destroy the court's subject matter jurisdiction, the court must determine under Rule 19(b) whether that absent party is "indispensable," in which case the court may dismiss the claim. The joinder decision is predicated on the policies of "avoiding multiple litigation,

4

providing the parties with complete and effective relief in a single action and protecting the absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1604 (3d ed. 2004).

Generally, in suits for patent and trademark infringement, the owner of the patent or trademark is a necessary party. Id. (citing 7 Wright § 1614) ("an exclusive licensee whose rights are infringed must bring an action jointly with the patent owner or copyright proprietor"; trademark litigation is generally treated the same as patent and copyright litigation on this matter).

Here, the Court concludes that Consolidated's motion has merit with respect to the infringement claims involving ConocoPhillips' trademarks. It is not clear from the record that as the holder of a sublicense, Plaintiff necessarily has the right to sue for trademark infringement. Furthermore, in light of the allegations in Consolidated's counterclaim, it appears that Consolidated might have to defend two different suits arising out of the same facts, in the absence of ConocoPhillips from the present lawsuit. See JTG of Nashville, Inc. v. Rhythm Band, Inc., 693 F. Supp. 623, 626 (M.D. Tenn. 1988) (joinder of product manufacturer was required in distributor's suit against competitor for trademark infringement and unfair competition where adjudication in manufacturer's absence would place competitor in potential position of having to defend two different suits arising out of essentially same facts; additionally, public interest favored joinder to promote efficient use of judicial resources).

Significantly, Plaintiff states that it does not oppose Consolidated's motion. Although Plaintiff has not offered to join ConocoPhillips, it falls upon Plaintiff to do so,

see St. James, 2006 WL 2069197, at *2, and Plaintiff shall be ordered to join ConocoPhillips as a party pursuant to Rule 19(a).[3]

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Consolidated Energy Co. to add a necessary party with respect to the infringement counts involving ConocoPhillips Co. trademarks is **GRANTED**. [Doc. #24]

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including January 19, 2007, to add ConocoPhillips Co. as a party to this action with respect to the infringement counts, or to show good cause why ConocoPhillips cannot be joined.

                                          _____
                                          AUDREY G. FLEISSIG
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of December, 2006

---

[3] Rule 19(a) provides that if a necessary person "should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff."