UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LION PETROLEUM OF MISSOURI, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00698 AGF |
| ) | |
| MILLENIUM SUPER STOP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Memorandum in Opposition to Memorandum of Dismissal (Doc. #45), filed by Defendants Millennium Super Stop, LLC ("Millennium"), Ray Perrin, and Sylvester Holmes (collectively, "Defendants").

In its complaint, Plaintiff originally asserted federal and state trademark claims (Counts I and III, respectively) against Defendants and against another fuel supplier, Consolidated Energy Co., LLC. (Consolidated), together with other claims, including federal and state unfair competition, related to the supply of Conoco/Phillips and unbranded fuel products to Defendant Millennium. Consolidated, which filed a counterclaim against Plaintiff, asserted it was also an authorized dealer of branded ConocoPhillips products, and alleged that Plaintiff's claims against it were motivated by a desire to jeopardize Consolidated's status with ConocoPhillips.

Consolidated thereafter filed a motion, pursuant to Rule 19(a), for an order to add ConocoPhillips Co., Inc. as a party. Consolidated asserted two grounds in support of its motion: (i) that Plaintiff had asserted trademark infringement counts against

Consolidated, and complete relief could not be granted with respect to the infringement counts without ConocoPhillips, the trademark owner, and (ii) that inasmuch as Consolidated was also an authorized licensee of branded Conoco products, the absence of ConocoPhillips as a party might subject Consolidated to the risk of inconsistent obligations. (Doc. #24). While disputing that ConocoPhillips was a necessary party, Plaintiff stated that it had no objection to adding it as a party. Defendants Millennium, et al., took no position on the motion.[1]

By Order dated December 21, 2006, the Court granted Consolidated's motion. This Court's Order was based on the two grounds asserted by Consolidated, namely, the possible need to add ConocoPhillips to obtain complete relief on the trademark infringement claims asserted by Plaintiff against Consolidated, and the fact that as a licensee of ConocoPhillips, Consolidated could be subjected to the risk of inconsistent obligations, also noting that Plaintiff did not oppose Consolidated's motion.

On January 19, 2007, Plaintiff filed a motion for leave to vacate the Court's Order of December 21, 2006 (Doc. #38), noting that ConocoPhillips had objected to being joined as a plaintiff; that Plaintiff and Consolidated had resolved their disputes and would be filing a memorandum of dismissal; and that the dismissal would include a dismissal of the trademark infringement claims in their entirety. Plaintiff asserted that with the dismissal of Consolidated, it believed it would be unnecessary to force ConocoPhillips to

---

[1] The response of Plaintiff to Consolidated's motion (Doc. #26) was incorrectly docketed by Plaintiff as a response to the motion of Millennium, et al., and should have been docketed as a response to Consolidated's motion, as correctly reflected in the caption and body of the response.

be joined in the matter. Defendants Millennium, et al., filed no response to the motion to vacate. Thereafter, on January 31, 2007, Plaintiff and Consolidated filed a notice, signed by Plaintiff and Consolidated, dismissing their claims against one another. Plaintiff further dismissed counts I and III against all parties. No objection having been filed to the motion to vacate, this Court granted Plaintiff's motion to vacate the December 21, 2006 Order, on February 1, 2007. (Doc. #41).

More than a month after this Court granted Plaintiff's motion to vacate, Defendants filed the instant pleading, styled as a memorandum in opposition to the dismissal of the claims between Plaintiff and Consolidated. In their memorandum, Defendants object to the dismissal by Plaintiff of its claims against Consolidated without seeking Defendants' stipulation. Defendants also object to Plaintiff's dismissal of its trademark counts (counts I and III of the complaint), without also dismissing the unfair competition counts (counts II and IV), asserting such claims are nearly identical causes of action. Finally, Defendants assert that ConocoPhillips is still necessary to adjudicate the unfair competition claims, and for relief request that the Court require Plaintiff to add ConocoPhillips as a necessary party for adjudication of the unfair competition counts.

To the extent Defendants are seeking relief through their filing of a memorandum, the Court denies Defendants' request because it fails to comply with federal and local rules, which require the filing of a motion and supporting memorandum of law. In addition, the request is untimely and lacks supporting authority. Defendants had the opportunity to join in the motion to add ConocoPhillips as a party when Consolidated filed its motion, but did not do so. It further had the opportunity to object to the motion

to vacate filed by Plaintiff, in which Plaintiff clearly stated its intentions, including its intention to dismiss its trademark counts and request for relief from the obligation of adding ConocoPhillips. Again, Defendants failed to object. Their efforts now to oppose the dismissals and the motion to vacate are untimely.

Moreover, Defendants cite no case authority for the proposition that a proper stipulation for dismissal under Rule 41(a)(1) would require more than the signatures of the parties to those particular claims or that Rule 41 requires either a stipulation or court approval for the dismissal of some, but not all, claims. See Gronholz v. Sears, Roebuck and Co., 836 F.2d 515, 517-8 (Fed. Cir. 1987) (Rule 41(a) inapplicable to dismissal of patent count, leaving unfair competition count); Loutfy v. R.R. Donnelley & Sons, Co., 148 F.R.D. 599, 602 (N.D. IL 1993) (motion to voluntarily dismiss only one of two counts treated as amendment, rather than motion to dismiss under rule 41). Nor have Defendants offered any reason why the dismissal either of the parties' claims against one another or of the trademark counts would be improper or unfair. The fact that similar claims remain does not provide such a basis. As such, to the extent leave of Court is required for the dismissal of Plaintiff's and Consolidated's claims against one another or the dismissal of counts I and III, the Court grants such leave under Rule 41(a)(2).

Finally, the Court notes that its Order to add ConocoPhillips as a party was grounded on the trademark counts, alone, and the risk that Consolidated might be subject to inconsistent obligations. The Court also noted that Plaintiff did not object, and at that time it was unclear whether ConocoPhillips would object – and ConocoPhillips' objection is now known. Neither the parties nor the Court addressed the need to add

ConocoPhillips in connection with any unfair competition claims – and Defendants did not address the issue at the time at all.

Should Defendants believe that ConocoPhillips is a necessary and indispensable party, under Fed. R. Civ. P. 19, they should file a proper motion, together with a supporting memorandum of law citing case authority in support of their position, consistent with the court rules.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum in Opposition to Memorandum of Dismissal filed by Defendants Millennium Super Stop, LLC, et al. [Doc. #45] is **DENIED.**

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated on this 2nd day of May, 2007